# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN BLAIR DAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LINDA LUDGATE, Judge, KEVIN BEALS, | : | |
| Public Defender, KEVIN, District | : | |
| Attorney, READING POLICE | : | |
| DEPARTMENT, Unknown and | : | |
| READING STATE POLICE, Unknown | : | NO. 19-800 |

## MEMORANDUM OPINION

**Savage, J.**                                                                    **March 28, 2019**

*Pro se* Plaintiff Ivan Blair Davis has filed this civil action pursuant to 42 U.S.C. § 1983 against Judge Linda Ludgate, public defender Kevin Beals, District Attorney "Kevin," the Reading Police Department, and the "Reading State Police." He has also filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. For the following reasons, we shall grant Davis leave to proceed *in forma pauperis*, dismiss his complaint with leave to amend, and deny his motion for appointment of counsel.

## FACTS

In his complaint, Davis appears to be challenging his state court conviction and sentence. He states that he was entitled "to have black people in [his] trial and [the Judge] was not to take this case."[1] He also alleges that while he was incarcerated at the Berks County Jail, he was "beaten by correction officers."[2] He claims that an officer choked him and was "calling [him] black n****** and laughing at [him]."[3] Davis alleges

---

[1] Compl. at 4 (Doc. No. 2).
[2] *Id.* at 5.
[3] *Id.*

that he was left to "bleed[] all over [himself]."[4]  He indicates that he did not receive any medical treatment after this incident.  Davis demands $15,000,885.00 for "giving [him] ten years for something [he] did not do."[5]

In his "Amended Documents," Davis asserts that Judge Ludgate never should have presided over his criminal proceedings because she "was assault[ed] by [an] inmate before," making her "bias[ed] and compromised."[6]  He also suggests that the Judge failed "to give instruction under the law that correctional officers can't assault inmates."[7]  Davis complains that Kevin Beals failed to ensure that "black peers" were on the jury and failed to protect his rights.[8]  Finally, he states that Kevin Gillespie committed malicious prosecution and was "bias[ed] from the start."[9]

The state court docket reflects that in 2002, Davis was charged with aggravated assault, aggravated harassment by a prisoner, and simple assault.[10]  Judge Ludgate presided over his trial, Kevin Gillespie prosecuted the case, and Kevin Beals represented Davis.  On April 24, 2003, after a trial, Davis was found guilty of aggravated assault and was sentenced to a minimum of two (2) and a maximum of ten (10) years' imprisonment.[11]

### STANDARD OF REVIEW

Because it appears that he is not capable of paying the fees to commence this civil action, Davis will be granted leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C.

---

[4] *Id.*
[5] *Id.* at 6.
[6] Am. Docs. (Doc. No. 5).
[7] *Id.*
[8] *Id.* at 2.
[9] *Id.*
[10] *See Commonwealth v. Davis*, Docket No. CP-06-CR-0005504-2002 (Berks Cty. Common Pleas).
[11] *Id.*

§ 1915(e)(2)(B)(ii), we must dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Davis is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**DISCUSSION**

To state a claim under § 1983, a plaintiff must allege the violation of a constitutional right and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Davis's complaint fails to state a claim for relief.

*Named Defendants*

Although he names five defendants in the caption, Davis fails to make any specific allegations about what the defendants did. Therefore, he has not stated a basis for liability against them.

Presumably, Davis has named Judge Ludgate, defense attorney Kevin Beals, and District Attorney Kevin based upon their respective roles in his state criminal proceedings. Judge Ludgate is entitled to absolute immunity from civil rights claims based on acts or omissions taken in her judicial capacity because, as alleged, she acted within her

3

jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). District Attorney "Kevin" is entitled to absolute immunity from claims based upon his role in pursuing Davis's prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Davis also cannot maintain his claims against Kevin Beals because he is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

Davis has not stated a claim for relief against the Reading Police Department and the "Reading State Police." Neither the Reading Police Department nor the "Reading State Police" is a "person" subject to suit under § 1983. *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016). Accordingly, Davis's claims against the Reading Police Department and the "Reading State Police" will be dismissed.

*Wrongful Conviction Claims*

Davis appears to challenge his state court conviction. A claim of wrongful conviction is not cognizable under § 1983. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

4

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Because Davis does not allege that his conviction and sentence have been reversed, expunged, or otherwise invalidated, his claims that challenge his conviction are not cognizable under § 1983.

*Excessive Force and Denial of Medical Treatment Claims*

Davis alleges that during a period of incarceration at the Berks County Jail, he was assaulted by correctional officers and denied medical treatment after the assault. However, he has not named any individual who allegedly assaulted him. Nor has he provided any details regarding when the assault and denial of medical treatment occurred. Therefore, Davis has failed to state claims for excessive force and denial of medical treatment.

**CONCLUSION**

Davis's claims against Judge Ludgate, Kevin Beals, and District Attorney "Kevin" will be dismissed with prejudice. The wrongful conviction claim, which is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), will be dismissed without prejudice.

His claims for excessive force and denial of medical treatment will be dismissed without prejudice with leave to file an amended complaint provided he can state plausible claims for relief against an appropriate defendant or defendants.

<u>/s/TIMOTHY J. SAVAGE</u>